Frederick Backer, J.
Petitioner (landlord) moves, pursuant to article 78 of the Civil Practice Act, for an order reviewing §nd revoking the determination of respondent State Rent *577 Administrator which denied him an overall increase in maximum rents of the apartments in the building involved.
The building is a 10-family multiple dwelling. It is over 46 years old. The department of housing and buildings on January 25, 1954 notified petitioner of violations placed upon the building because of broken and defective foundation walls which had settled, thereby rendering the building dangerous and unhealthful. In 1956, more than two years after such violations had been placed and petitioner notified thereof, he finally proceeded to correct the defective walls and provide adequate support for them. He then, in February of 1957, applied to the local rent administrator for an increase in rents of the apartments in the sum of $7.50 per month, based upon the work done to remove the aforesaid violations. The tenants appeared and opposed the application, contending that petitioner was not maintaining essential services and equipment, and further that whatever work petitioner had done in respect of the removal of the violations was not an improvement or benefit enuring to them. They presented facts regarding cracked walls and ceilings, warped floors, building not cleaned properly, and in one instance at least, that the petitioner had already obtained a 15% lease increase, which lease was still in effect.
Upon the record the local rent administrator denied the application. Upon protest the respondent State Rent Administrator denied same after a complete review and re-examination of the record then existing. The proceeding is now here for review.
Upon a study of the original papers comprising the record before both the local and State Rent Administrators, and upon the papers here presented, I am of the ultimate conclusion that there was reasonable and rational basis and warrant in the record, both as to law and fact, for the determination made. Section 33 of the State Rent and Eviction Regulations, which governs the application here made by petitioner, provides specifically the grounds for an increase in maximum rent. By its provisions it cannot be disputed that a landlord’s right to rent depends upon his maintaining all essential services, as well as preventing any substantial deterioration of his building and the housing accommodations therein. Decreases in essential services or substantial deterioration of the premises reduce rental value and warrant rent reductions. Manifestly, since the premises here have so deteriorated as to become a danger and hazard to human life and health, there is such a similar reduction in rental value as to warrant a rent reduction. Nevertheless, the record reveals that petitioner has continued to receive the maximum rent during the period of the violations. *578 It is obvious that in removing the violations no benefit or improvement enured to the tenants which warranted any rent increase. The removal of the dangerous and unhealthy conditions which were the subject of the violations resulted only in restoring the building to the safe condition it was required to be in and restored to the tenants that for which they were paying rent. The petitioner offered to the tenants no benefit or service whatever which was not already required from the petitioner and included in the maximum rent (Matter of Lubitz Bros. v. Abrams, 286 App. Div. 871, motion for leave to appeal denied 286 App. Div. 968; Matter of Tyler Trading Co. v. McGoldrick, N. Y. L. J., Jan. 6,1954, p. 8, col. 2).
Petitioner’s claim that the repairs constituted a major capital improvement is without basis in the record. Obviously, the repair of the dangerously cracked and collapsing foundation walls and brickwork, and replacement of rotten wooden piles, cannot be considered as a capital improvement or substantial rehabilitation. A major capital improvement consists of a substantial change in the housing accommodations, such as would materially increase the rental value in a normal market. It is different from ordinary repair, replacement and maintenance. If the improvement had resulted in some added feature, which did not exist prior to the change, of a kind which would normally result in a substantial change by a major capital improvement, it might then be so considered. What amounts to a substanital rehabilitation is a question of fact and matter of degree. Determinations of the State Rent Administrator as to what constitutes a substantial rehabilitation or major capital improvement have been upheld by our courts (Matter of Wolinsky v. Abrams, N. Y. L. J., March 18, 1955, p. 10, col. 5; Matter of Tyler Trading Co. v. McGoldrick, supra; J. P. Associates v. McGoldrick, N. Y. L. J., Feb. 10,1954, p. 6. col. 1).
In the light of all of the foregoing, this court may not override the finding of the administrative body based upon substantial evidence before it (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70). The judicial function is exhausted when there is found to be a rational basis for the conclusions offered by respondent (Matter of Park East Land Corp. v. Finkelstein, supra).
The application is denied and the petition is dismissed. Settle order.