146 N.J. Super. 468 (1977)
370 A.2d 53
GREEN ACRES OF VERONA, INC., PLAINTIFF-RESPONDENT,
v.
BOROUGH OF VERONA, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 20, 1976.
Decided January 28, 1977.
*469 Before Judges CARTON, KOLE and LARNER.
Messrs. Shepard, Cooper, Dickson, Merkelbach and Camp, attorneys for defendants-appellants (Mr. Richard C. Camp on the brief).
Messrs. Lasser, Lasser, Sarokin and Hochman, attorneys for plaintiff-respondent (Mr. Barry L. Eisenberg on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
The issue in this case is whether the installation of new electrical lines to all apartments to accommodate air conditioners represents a "major capital improvement" so as to justify a rent increase under the municipal rent control ordinance. The Rent Leveling Board of Verona denied the landlord's application for an increase. On appeal to the borough council it determined that the landlord was entitled to an increase measured by the expenditure of $16,500 for the overall rewiring of the building, but denied a similar increase in connection with the expenditure of $17,775 attributable to the installation of the air conditioning lines.
*470 The landlord brought an action in lieu of prerogative writs attacking the denial of the rent increase with respect to the expenditure for the air conditioning lines, on the basis that said work constituted a major capital improvement under the controlling rent leveling ordinance. The trial judge agreed with plaintiff's contention and ordered that plaintiff be granted a rent increase based on both improvements totalling $34,325. The borough appeals from that judgment, contending that the capital improvement surcharge for the installation of the air conditioning lines is unwarranted.
Preliminarily, a few words are appropriate as to the procedure utilized in this case wherein testimony was taken before the trial judge in the prerogative writ action and a determination made on that record. In our view, the determination of a local rent control board and of the governing body which reviews the board's decision should be based upon a transcribed record made before the board. Thereafter, the judge should review the local agency's action on that record without new testimony. This process is analogous to that applied in variance applications before a board of adjustment. See Kramer v. Sea Girt Bd. of Adj., 45 N.J. 268, 289 (1965); Dolan v. DeCapua, 16 N.J. 599, 613 (1954). We see no valid reason for a different procedure in matters determined by a municipal rent control board under the current rent control ordinances.
Although this procedure was not utilized herein, the matter proceeded before the trial judge with the tacit consent of all parties. We shall therefore consider the issues on the merits.
Section 10 of the Verona Rent Leveling Ordinance authorizes a rent increase for "major capital improvements," with a formula for the amount of the monthly increase to be computed in accordance with the total cost, number of years of useful life for income tax purposes and allocation among tenants based upon their occupied area.
*471 We are satisfied that the installation of new electrical lines so as to increase the power essential for use of air conditioners in every one of 158 apartments in this structure at a cost of $17,775 is not only a capital improvement under the usual criteria, including the Internal Revenue Code, but is also a "major" capital improvement within the language of the ordinance.
In Application of Rosen, 7 Misc.2d 576, 578, 169 N.Y.S. 2d 707, 710 (Sup. Ct. 1957), the court defined a major capital improvement in the following manner:
A major capital improvement consists of a substantial change in the housing accommodations, such as would materially increase the rental value in a normal market. It is different from ordinary repair, replacement and maintenance. [7 Misc.2d at 578, 169 N.Y.S.2d at 710]
Another New York court, in the context of a different type of statute, considered a major capital improvement to be "a substantial rehabilitation or addition to a building which would materially add to the value of the property or appreciably prolong its life." People v. S.A. Schwartz Co., 7 Misc.2d 635, 641, 161 N.Y.S.2d 1008, 1016 (Sup. Ct. 1957). See also, Rosen v. Powers, 65 A.2d 200 (D.C. Mun. App. 1949).
The trial judge's conclusion that the wiring leading to all apartments so as to increase the electrical service available for air conditioning constitutes a major capital improvement is amply supported by the credible evidence. It is the nature of the improvement, the extent and cost of the same, the added benefit to the building and to tenants' enjoyment thereof and the degree of permanency of the improvement which support the finding that it not only qualifies as a "capital" one but also a "major" one.
Under the provisions of the municipal legislation the landlord is entitled to a rent increase where the expenditure relates to a major capital improvement. If it comes within *472 that definition, the increase cannot be denied for any other collateral reasons.
Affirmed.