■ In the Matter of GARDEN BAY MANOR ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated June 30, 1987, which, *inter alia,* revoked the rent increases initially granted to the petitioner, the petitioner appeals from a judgment of the Supreme Court, Queens County (Durante, J.), entered April 8, 1988, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, work on a building does not constitute a major capital improvement solely by virtue of the fact that it is depreciable under the United States Internal Revenue Code. Among other things, the work must be "building-wide" and must constitute "an improvement to the building or to the building stock" *(see,* Rasch, New York Landlord and Tenant, Rent Control and Rent Stabilization, Operational Bulletin No. 84-4, at 547, 549). The petitioner's application for rent increases on its rent-stabilized buildings was denied on the ground, *inter alia,* that the pointing and waterproofing work was done in such a poor manner that it did not qualify as a major capital improvement. This determination was supported by the record before the respondent. Therefore, we uphold it *(see, Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.