■ In the Matter of ANSONIA ASSOCIATES, Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ANSONIA RESIDENTS' ASSOCIATION et al., Intervenors-Re-

spondents.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered January 26, 1989, which denied petitioner's application pursuant to CPLR article 78 for a judgment annulling respondent's determination to deny petitioner a rent increase for major capital improvements, is unanimously affirmed, without costs.

Giving due deference to respondent's interpretation of its own regulations and the statutes it administers (*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.*, 94 AD2d 229, *affd* 61 NY2d 976), the determination that the petitioner's improvements to the public hallways were not major capital improvements (MCI), but ordinary repairs and maintenance, or decorative or cosmetic renovations, was not arbitrary or capricious. We note that while depreciability of an improvement under the Internal Revenue Code is one variable to be considered in determining whether an improvement is a major capital improvement, it is not the sole criterion (Rent Stabilization Code [9 NYCRR] § 2502.4 [a] [2] [iii]). And, in view of our decision in *Matter of Ansonia Assocs. v State Div. of Hous. & Community Renewal* (150 AD2d 583), confirming respondent's determination to deny, without prejudice, an MCI increase for electrical rewiring in the hallways, petitioner cannot argue, at this juncture, that the improvements at issue in this proceeding qualify for MCI treatment because they were accomplished in connection with another major capital improvement. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.