249 N.J. Super. 475 (1991)
592 A.2d 641
GEORGIAN GARDENS TENANTS ASSOCIATION, PLAINTIFF-APPELLANT,
v.
GEORGIAN GARDENS AND EAST ORANGE RENT LEVELING BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1991.
Decided July 12, 1991.
*476 Before Judges DEIGHAN, BAIME and A.M. STEIN.
Linwood A. Jones, attorney for appellant.
Joseph A. Pojanowski, attorney for respondent Georgian Gardens (Eugene P. Maguire and Steven A. Cochrane on the brief).
Theodore N. Stephens, II, Corporation Counsel, attorney for respondent East Orange Rent Leveling Board (Robin R.C.W. *477 Johnson, Assistant Corporation Counsel, on the statement in lieu of brief).
The opinion of the Court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiff tenants association appeals the judgment of the Law Division reversing the order of the East Orange Rent Leveling Board and granting defendant landlord a capital improvement rent surcharge for the cost of a boiler and its installation, plus allowance for debt service. We affirm with one slight modification.
Georgian Gardens is the owner of a forty-unit apartment complex in East Orange. The complex was built in 1939. The original boiler continuously needed repair from 1976 until it was replaced by a new modular boiler system in 1987.
In April 1988, Georgian Gardens filed an application for a capital improvement rental increase of $48,371.51 for the cost of a new heating system pursuant to Section 218-16 of the East Orange Rent Control and Conversions Code. The boiler replacement cost was $33,200, electrical costs were $566.49, replacement cost of the expansion tank was $3,100, and debt service for financing was $10,426.82. The interest rate on the loan was 10.5%.
The tenants association asserts that the trial judge erred in finding that the replacement boiler constituted a capital improvement warranting a rent surcharge. The tenants argue that the necessity of heat and hot water makes replacement of a fifty-year-old boiler normal upkeep, maintenance and repair and as such bars recovery by the landlord. That argument could be made for any necessary replacement made to a building: a roof, windows, elevator, outside steps. Carried to its illogical extreme, no replacement item could ever be considered a capital improvement.
*478 Section 218-16 of the East Orange code provides for recovery of capital improvement expenditures. It states:
Capital improvements are improvements that continue beyond a twelve-month period and benefit the affected residence. Normal upkeep, maintenance and repair are not capital improvements. The actual cost of a capital improvement may be recovered by the landlord over five (5) consecutive years in sixty (60) equal monthly installments apportioned fairly among the tenants. In order to qualify for a capital improvement surcharge, the improvement must be a betterment to the building. ... [Emphasis added].
The new heating system is obviously an improvement that will continue beyond the twelve-month requirement set forth in the statute. Indisputably, the new system, with its ten individual sections, benefits the residence and constitutes a "betterment to the building." Benefit and betterment result from the boiler's increased energy efficiency, serviceability and modular construction, which continues to provide heat and hot water to the majority of residents in the event that one section of the unit malfunctions.
Plaintiff also relies on various sections of the Internal Revenue Code and federal tax regulations. Although tax criteria may be instructive in determining what constitutes a capital improvement for tax purposes, they are not controlling for purposes of interpreting a municipal rent leveling ordinance. See Garden Bay Manor Associates v. New York State Division of Housing and Community Renewal, 150 A.D.2d 378, 540 N.Y.S.2d 665, 666 (A.D. 1989) (fact that improvement depreciable under Internal Revenue Code does not automatically qualify it as improvement for rent surcharge).
Green Acres of Verona, Inc. v. Verona, 146 N.J. Super. 468, 370 A.2d 53 (App.Div. 1977), is the leading New Jersey case defining capital improvements for rent leveling purposes. In Green Acres, the landlord installed new electrical lines to accommodate air conditioners and applied to the Verona Rent Leveling Board for a rent increase under the local ordinance which required the improvement to be "major." The Verona board denied the increase. The Law Division reversed.
*479 We held that the air conditioner lines were a "capital improvement under the usual criteria, including the Internal Revenue Code, but also ... within the meaning of the ordinance." Id. at 471, 370 A.2d 53. In determining whether the improvement was "capital" and "major," we considered (a) the nature of the improvement, (b) the extent and cost, (c) the added benefit to the building and (d) the degree of permanency. Id. at 471, 370 A.2d 53. See also Application of Rosen, 7 Misc.2d 576, 169 N.Y.S.2d 707 (Sup.Ct. 1957) (cited in Green Acres of Verona, Inc. v. Verona, supra, 146 N.J. Super. at 471, 370 A.2d 53). Rosen defined "major capital improvement" as
a substantial change in the housing accommodations, such as would materially increase the rental value in a normal market. It is different from ordinary repair, replacement and maintenance. If the improvement had resulted in some added feature, which did not exist prior to the change ... it might then be so considered. [7 Misc.2d at 578, 169 N.Y.S.2d at 710].
This new boiler has such added features as temperature regulators and back-up systems and provides quicker, more effective heat. This improvement is comparable in nature, cost, benefit and permanence to the rewiring allowed in Green Acres. It is an improvement that will "benefit the affected residence," one which constitutes "a betterment to the building."
The trial judge remanded the matter to the East Orange Rent Leveling Board with instructions to grant defendant landlord a capital improvement surcharge of 3.8% for a five-year period. The board then granted this increase. The 3.8% surcharge was incorrect. The undisputed evidence before the board demonstrated that the landlord was entitled to a 3.08% surcharge. We remand the matter to correct this obvious error.
The judge allowed debt service as part of the capital improvement surcharge passed on to the tenants. Because the propriety of these costs was not specifically briefed on this appeal, we requested supplemental briefs. We have been unable to find any cases on point in this or any other jurisdiction. We conclude that reasonable finance charges are properly *480 included as part of the "actual cost of a capital improvement" recoverable by the landlord under this ordinance.
Reasonable finance costs are as much a cost of the improvement as the required boiler and the materials and labor necessary to make it operative. It is unrealistic to expect the owner of a multiple residential dwelling to always have the funds available to make these expensive and necessary improvements to aging housing stock. Permitting property owners to recapture all of the reasonable costs attendant upon the installation of these needed improvements encourages them to maintain the habitability of these older buildings and to sustain the qualify of life for their tenants. Adding reasonable finance costs to the other capital improvement expenses assures the landlord its constitutional right to a just and reasonable return on the property. Mayes v. Jackson Tp. Rent Leveling Bd., 103 N.J. 362, 367, 511 A.2d 589 (1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 155 (1987). Plaintiff does not challenge the reasonableness of these finance costs.
Finally, we observe that the East Orange Board has historically added interest costs to the hard costs of a capital improvement. The agency's interpretation of the operative law is entitled to substantial weight. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984).
Affirmed, except for limited remand to the Law Division for entry of an order fixing the capital improvement surcharge at 3.08%.