■ In the Matter of WEINREB MANAGEMENT, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents-Appellants. [611 NYS2d 545] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered November 14, 1991, which in part, denied that portion of the petition seeking to annul the Division of Housing and Community Renewal's (DHCR) determination denying a major capital improvement rent increase with respect to certain roof work and granted the petition to the extent of remanding the matter to DHCR to consider the application with respect to a new oil burner, unanimously affirmed, without costs.

The record establishes that work done on petitioner's roof constituted repairs and not a major capital improvement. Moreover, the roof continued to leak three years after work was completed and thus the tenants were not benefitted *(see, Matter of Garden Bay Manor Assocs. v New York State Div. of Hous. & Community Renewal,* 150 AD2d 378). Respondent DHCR properly refused to consider the J-51 certificate of eligibility and Department of Buildings' certificate for tax exemption and abatement because they were untimely submitted *(Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952), and in any event not dispositive as to whether the work constituted a major

capital improvement *(cf., Matter of Ansonia Assocs. v State Div. of Hous. & Community Renewal,* 160 AD2d 210).

However, we agree that the IAS Court properly remanded the matter for reconsideration of the issue of whether the replaced oil burner was a major capital improvement since petitioner timely submitted approvals from other agencies certifying that the work satisfied building codes and environmental air quality requirements. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.