■ In the Matter of WESLEY AVENUE ASSOCIATES, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant. [614 NYS2d 58] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated February 21, 1992, which, *inter alia*, revoked the rent increases that had been

granted to the petitioner by the District Rent Administrator, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered November 12, 1992, which granted the petition, annulled the determination, and reinstated the prior determination of the District Rent Administrator.

Ordered that the judgment is reversed, on the law, with costs, the determination dated February 21, 1992, is confirmed, and the proceeding is dismissed on the merits.

Contrary to the determination of the Supreme Court in this instance, the Division of Housing and Community Renewal (hereinafter DHCR) could reasonably and rationally determine on the record before it that the installation of windows in a defective and unworkmanlike manner was not an improvement to the building that qualified as a major capital improvement and that entitled the petitioner to a rent increase *(see,* McKinney's Uncons Laws of NY § 8626 [d] [3]; 9 NYCRR 2502.4 [a] [2] [iii]; Rasch, New York Landlord and Tenant, Rent Administrator's Interpretations, Operational Bulletin No. 84-4, at 547, 549 [2d ed]; *Matter of Garden Bay Manor Assocs. v New York State Div. of Hous. & Community Renewal,* 150 AD2d 378). Accordingly, the DHCR's determination was entitled to great weight and should be upheld *(see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206, 213).

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.