■ In the Matter of JOHN McGOEY et al., Petitioners, v JOSEPH HOLLAND, as Commissioner of New York State Division of Housing and Community Renewal, et al., Respondents. [656 NYS2d 910] —Proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York

State Division of Housing and Community Renewal, dated July 5, 1995, which, *inter alia,* revoked, *ab initio,* the rent increases that had been granted to the petitioners by the District Rent Administrator.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioners' contention, the finding by the Administrative Law Judge that the petitioners did not complete the major capital improvements listed in the New York State Division of Housing and Community Renewal (hereinafter DHCR) Notice of Proposed Order and Determination was supported by ample testimonial evidence. Further, the DHCR could have reasonably and rationally found that the petitioners misrepresented that they had completed their major capital improvements when they were initially awarded the rent increases. The investigation by the DHCR made pursuant to complaints by tenants and a former housing revitalization official found the improvements made by the petitioners to be very limited and of unworkmanlike quality. Based on this finding, it was reasonable for the DHCR to revoke the prior rent increase award *(cf., Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206, 213; *Matter of Wesley Ave. Assocs. v New York State Div. of Hous. & Community Renewal,* 206 AD2d 378, 379).

The petitioners also claim that they were penalized by the DHCR's negligent file-keeping which "apparent[ly] * * * lost or misplaced" certain documents that would provide evidence that they completed the work required of them. This claim is belied by the petitioners' own witness, who indicated that documents that would demonstrate that certain renovation work had been done, i.e., a contract between the contractor and the petitioners, or receipts evidencing payments to the contractor or for materials related to the renovation work, were never submitted. In sum, the Commissioner's determination was supported by substantial evidence.

The petititioners' remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.