■ In the Matter of 215 W 88TH STREET HOLDINGS LLC, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and LENNART PEHRSON et al., Respondents-Appellants. In the Matter of LENNART PEHRSON et al., Respondents-Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 215 W 88TH STREET HOLDINGS LLC, Appellant-Respondent. [40 NYS3d 92]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered February 6, 2015, denying the petitions brought pursuant to CPLR article 78 seeking to annul so much of the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated May 5, 2014, as denied tenants treble damages, granted landlord Rent Guidelines Board Order (RGBO) increases in calculating the rent during the period of overcharge, applied the "default method" as prescribed in *Thornton v Baron* (5 NY3d 175 [2005]) and its progeny to determine tenants' base date rent, and denied landlord's assertion of laches to bar tenants' rent overcharge claim, unanimously modified, on the law, to vacate so much of the judgment as confirmed DHCR's grant of RGBO increases to the owner, and remand to DHCR for further proceedings consistent herewith, and otherwise affirmed, without costs.

The court properly upheld DHCR's determination that the inclusion of a fraudulent nonprimary residence rider in the tenants' initial lease rendered it a legal nullity and required that the base date rent, for purposes of calculating the rent overcharge, be arrived at using the "default method" (*see Thornton v Baron*, 5 NY3d 175 [2005]; *Levinson v 390 W. End Assoc., L.L.C.*, 22 AD3d 397 [1st Dept 2005]). The court also correctly upheld DHCR's determination that the owner—which purchased the building 12 years after the initial illegal lease, and could not reasonably be deemed to have been aware of it— did not act willfully, and thus treble damages were not warranted (*see* Rent Stabilization Code [RSC] [9 NYCRR] § 2526.1 [a] [1]).

However, we disagree with the court that the agency acted within its legitimate powers when, in calculating the overcharge, it afforded the owner the benefit of the percentage increases it would have received, at each renewal, in accordance with the RGBO, had it been charging a legal, rent-stabilized rent. The practice of imposing a "rent freeze" when the default method applies—that is, calculating the overcharge based on the default method base rent, without adjustments, throughout the relevant period—is not a matter merely of customary practice that the agency may deviate from when equitable considerations so demand. Rather, it reflects a statutory requirement. RSC § 2528.4 provides that an owner who filed an improper rent registration is barred from collecting rent in excess of the base date rent, and is retroactively relieved of that penalty upon filing a proper registration only when "increases in the legal regulated rent were lawful except for the failure to file a timely registration." That clearly is not the case here. The statute makes no allowance for circumstances such as a successor owner's good faith or reliance on agency determinations in its favor that are later rescinded. Thus, notwithstanding the arguably harsh result here, the agency did not have the discretion to add RGBO increases (*see Matter of Hargrove v Division of Hous. & Community Renewal*, 244 AD2d 241 [1st Dept 1997]).

The court did not abuse its discretion in rejecting the landlord's claim of laches. The landlord failed to demonstrate that the tenants gained any prejudicial advantage as a result of the delay (*see Capruso v Village of Kings Point*, 23 NY3d 631, 641-642 [2014]). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.