Nolte v Bridgestone Assoc. LLC (2018 NY Slip Op 08571)





Nolte v Bridgestone Assoc. LLC


2018 NY Slip Op 08571


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, JJ.


7898 160321/14

[*1]Jocelyn Nolte, Plaintiff-Respondent-Appellant,
v
Bridgestone Associates LLC, Defendant-Appellant-Respondent.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Andrew I. Bart of counsel), for appellant-respondent.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Ronald S. Languedoc of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 5, 2017, which, insofar as appealed from as limited by the briefs, declared that plaintiff is the rent-stabilized tenant of the subject apartment and is entitled to money damages, including treble damages, for a rent overcharge, and imposed a freeze on the rent determined as the base date rent until corrected registration statements were filed with the Division of Housing and Community Renewal (DHCR), unanimously affirmed, with costs.
The court properly examined the rental history of the subject apartment beyond the four-year statutory limitations period (CPLR 213-a) upon finding that defendant was engaged in a fraudulent scheme to deregulate apartments (see Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 114-115 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]). The record shows that defendant failed to promptly register the apartment and 30 other apartments in the building as rent-stabilized in March 2012, when the applicability of Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]) was clear (see Matter of Park, 150 AD3d at 110).
Moreover, defendant failed to raise an issue of fact as to whether the rent was improperly increased between 1999 and 2000 based on false claims of individual apartment improvements. While defendant was not the owner at that time, it submitted no evidence that controverted plaintiff's expert's affidavit stating that there was no evidence of such improvements.
Defendant argues that its conduct was not willful, because DHCR failed to issue revised policy guidelines for several years following the Roberts decision, and that therefore treble damages are not warranted. However, as indicated, the court correctly found that defendant had engaged in fraud (see Altschuler v Jobman 478/480, LLC., 135 AD3d 439, 441 [1st Dept 2016], lv denied 29 NY3d 903 [2017]).
Defendant contends that the court improperly froze plaintiff's rent at the rent it determined as the base date rent until such time as revised registrations were filed with DHCR. However, Rent Stabilization Code (RSC) (9 NYCRR) § 2528.4 provides that an owner who filed an improper rent registration is barred from collecting rent in excess of the base date rent, and is retroactively relieved of that penalty upon the filing of a proper registration only when the increases were lawful except for the failure to file a timely registration (see Matter of 215 W 88th St. Holdings LLC v New York State Div. of Hous. & Community Renewal, 143 AD3d 652, 653 [1st Dept 2016], lv dismissed 30 NY3d 1016 [2017]). That is not the case here.
We have considered defendant's remaining arguments and find them unavailing.
Plaintiff argues, citing certain 2014 amendments to the RSC, that the legal regulated rent [*2]should be based on the rent for a comparable rent-stabilized apartment on the date on which she became the tenant, rather than on the base date. She offers no authority for adopting this new formulation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK