Matter of 247-253 W. 116 LLC v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 08798)





Matter of 247-253 W. 116 LLC v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 08798


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10522 100541/17

[*1] In re 247-253 West 116 LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Sidrane, Schwartz-Sidrane, Perinbasekar & Littman LLP, Rockville Centre (Arun Perinbasekar of counsel), for appellant.
Mark F. Palomino, New York (Robert Ambaras of counsel), for New York State Division of Housing and Community Renewal, respondent.
Law Office of Stephen H. Palitz, New York (Stephen H. Palitz of counsel), for Constance Jones, respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 5, 2018, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated March 9, 2017, which assessed rent overcharges and imposed treble damages and attorneys' fees, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that refinishing an existing bathtub in the subject apartment constituted repair or maintenance work rather than an Individual Apartment Improvement was rational (see Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal, 240 AD2d 158 [1st Dept 1997]). Although petitioner's predecessor made various improvements to the apartment, DHCR did not make a finding that the bathtub refinishing was part of a renovation project. DHCR's determination disallowing various items shown in quantities far greater than necessary for this one apartment was also rational.
DHCR properly relied on its inspector's report in disallowing certain items that it found had not been installed (see generally Matter of 333 E. 49th Assoc., LP v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 40 AD3d 516 [1st Dept 2007], affd 9 NY3d 982 [2007]). DHCR rationally concluded that the inspection report was reliable despite the passage of time between the work performed and the inspection (see Matter of Pickman Realty Corp. v New York State Div. of Hous. & Community Renewal, 299 AD2d 552 [2d Dept 2002]; Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal, 204 AD2d 127 [1st Dept 1994]). Even assuming it was required to give petitioner notice of the inspection (cf. Matter of Whitehouse Estates v New York State Div. of Hous. & Community Renewal, 5 AD3d 190 [1st Dept 2004]), DHCR provided adequate notice by mailing the notice of inspection to an address where petitioner maintained an office (see generally California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144, 150 [1st Dept 2012]).
DHCR's calculation of the overcharge and treble damages was not irrational and did not result in excessive damages. Petitioner's predecessor's failure to file a proper and timely annual rent registration statement in 2010 resulted in the rent being frozen at the level in effect on the date of the last preceding registration statement (see Administrative Code of City of NY § 26-517[e]; Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 684 [1st Dept 2011]). The imposition of a rent freeze is a statutory requirement (see Matter of 215 W 88th St. Holdings LLC v New York State Div. of Hous. & Community Renewal, 143 AD3d 652, 653 [1st Dept 2016]). DHCR's imposition of treble damages was also rational, as petitioner failed to establish that the [*2]overcharge was not willful (see 9 NYCRR 2526.1[a][1]; Matter of 125 St. James Place LLC v New York State Div. of Hous. & Community Renewal, 158 AD3d 417 [1st Dept 2018]). In addition, many of the charges that DHCR disallowed consisted of items that either were shown in quantities far in excess of what was necessary for this one apartment or had never been installed at all. The calculations of the overcharge and imposition of treble damages were consistent with the governing regulations and were not excessive (see generally Matter of Pamela Equities Corp. v Environmental Control Bd. of the City of N.Y., 171 AD3d 623, 624 [1st Dept 2019]).
DHCR providently exercised its discretion in awarding attorneys' fees (see 9 NYCRR 2526.1[d]). The agency conducted a careful review of the documents submitted by respondent tenant demonstrating the time that counsel spent on this matter over the course of nearly 3½ years, as well as the nature of the services performed and the difficulties involved. DHCR's calculation of a reasonable hourly rate and the amount of time devoted to this matter was not irrational.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK