In the Matter of HOWSCOTT REALTY CORP., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, January 13, 1953.

*Julius Garrell* for petitioner.

*Robert H. Schaffer* and *Norman S. Fenton* for respondent.

HOFSTADTER, J. This is an application to annul a determination of the State Rent Administrator affirming an order of the local rent administrator which denied petitioner a rent increase for its building 162–164 East 82d Street, Manhattan. The respondent found that the petitioner's present rent roll for the premises affords it an adequate return, 4% of the assessed value, and that, therefore, no increase is justified.

The chief ground of attack by the petitioner is that the respondent adopted the assessed rather than a higher and what the petitioner contends is the true value of the property as the base on which to compute the percentage of return. The statute and the rent regulations, however, prescribe the current assessed valuation as the normal standard for measuring the landlord's return. (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1], L. 1946, ch. 274, as amd. by L. 1951, ch. 443; State Rent and Eviction Regulations, § 33, subd. [5], par. [a].) The law (§ 4, subd. 4, par. [a], cl. [1]) allows the administrator to determine that the value is different from the assessed valuation where the value of the land does not bear a reasonable relationship to the value of the building and in other specific situations. There is, however, no proof whatever by the petitioner that the value of the land does not bear a reasonable relation to that of the building or that the case falls within any of the other enumerated exceptions. What it argues is that the actual value of the building exceeds its assessed value. Since the petitioner does not bring itself within the exception under which a value other than the assessed value may be adopted, the respondent, therefore, properly followed the normal formula laid down in the law and the regulations. It was never intended that the administrator should be charged with

the burden of finding in every case a value other than the assessed value (Administrator's Opinion No. 85, *Matter of Amson* v. *McGoldrick,* N. Y. L. J., May 26, 1952, p. 2095, col. 3). The other adjustments made by the respondent followed the regulations as interpreted in the respondent's Advisory Bulletin 7A. Capital improvements made by a former owner were disallowed in accordance with the policy expressed in the Advisory Bulletin and upheld by the courts (*Matter of Oltarsh* v. *McGoldrick,* N. Y. L. J., June 23, 1952, p. 2464, col. 5, affd. 280 App. Div. 919; motion for leave to appeal denied 280 App. Div. 973). The disallowance of unsubstantiated items and items not deemed properly chargeable as operating expenses in ascertaining the rent return involved the exercise of judgment on which there might at most be difference of opinion. Certainly, the respondent's determination was neither capricious nor arbitrary. The application is accordingly denied, and the proceeding dismissed.