Samuel Rabin, J.
Heretofore this court dismissed on the
merits the petition of a tenants’ committee of five apartment houses to review and thereupon to annul the determination of the respondent made on February 19, 1957, granting an aggregate increase in maximum rents under the so-called 6% fair net return formula. (Matter of Litman [Weaver], N. Y. L. J., Dec. 9, 1957, p. 12, col. 5.)
A similar tenants’ committee has now instituted an article 78 proceeding to review the determination made by respondent on November 1, 1957, in which another aggregate increase in maximum rents was granted under the same formula. The issues presented by the instant proceeding are, with one exception, identical with those that were presented and passed upon in the *1033 prior proceeding. That exception is that the policy, practice and procedure applied herein by the State Rent Administrator with respect to legal fees in connection with filing rent applications are arbitrary, capricious and unreasonable and should be declared void. They urge that there is nothing in the State Rent and Eviction Regulations which permits the Rent Administrator to allow attorneys’ fees based upon a contingent agreement with the landlord, and that said fees should have been excluded from any consideration in connection with the application for increase of rents now under review.
The accounting manual of the respondent outlines the method by which legal fees incurred by a landlord in a prior application for a rent increase predicated on subdivision 5 of section 33 of the State Rent and Eviction Regulations can be included as an operating expense on a subsequent application under the same section. It provides in part as follows: “ Where a fee claimed on a repeat application is in connection with the filing of a previous application for rent increase, the amount to be accepted for inclusion in the three-year average shall be the amount actually paid, limited to 25% of the ‘ Actual amount of Grant ’ of the previous application. ’ ’ (Accounting Manual of State Rent Administrator, § 33, subd. 5, p. 40.)
The petitioners urge that this saddles the tenants with a 1 ‘ one shot ” attorney’s fee for the duration of their tenancies and. as applied in the proceeding under review it gives the landlord full reimbursement of his entire outlay for such legal fee in three years and, “ After that the amount of basic rent which has been allowed as legal fees becomes clear profit to the landlord forever.” They contend that such legal fees are not recurring expenses and are not necessary to the operation and maintenance of the property and, therefore, cannot be considered an operating expense.
It has been established that legal fees incurred in an application under subdivision 5 of section 33 of the State Rent and Eviction Regulations are properly included as an operating charge in subsequent applications under the same section. As was stated by Mr. Justice Hecht in Matter of McArthur v. Abrams (141 N. Y. S. 2d 662, 665): “ With respect to petitioners’ contention that legal fees in connection with the landlord’s applications were improperly amortized, it seems to me that the Administrator’s determination to amortize these fees over a 3-year period was not arbitrary or unreasonable. As respondent maintains, in cases involving large properties the application for a rent increase is so complex as to require special skill. Since these petitioners are statutory tenants, they cannot be *1034 hehrd on the one hand to request the benefits under the law which was enacted in their behalf and on the other hand seek to ignore obligations therender.”
In Matter of Mara v. Abrams (142 N. Y. S. 2d 200, 204) the court had the following to say: “ (b) Legal fees paid to landlord’s attorneys for services rendered in the previous 1953 application for rent increases. The attorneys received a fee of 20% of the 1953 increases awarded, and % of that fee was allocated to the test year. The determination that such legal services are necessary to the operation and maintenance of the property has a rational basis, as a landlord obviously requires legal assistance in complex applications for increases, and, in this case, considerable services were necessary as a result of petitioner’s 1953 proceeding and the subsequent appeal. It may be that the result of such allowances would always work to the disadvantage of tenants in a second proceeding brought the following year. The fact remains, however, that landlord has paid such fees for actual services rendered. Protection is afforded by the Administrator’s review of the amount as a reasonable one and its allocation on a % proportionate basis to avoid full impact in one year.” (See, also, Matter of Tishman Realty & Constr. Co. v. Abrams, 152 N. Y. S. 2d 584, affd. 1 A D 2d 800, motion for leave to appeal denied 1 A D 2d 872, motion for leave to appeal denied 1 N Y 2d 642.)
The State Residential Bent Law (L. 1946, ch. 274, as amd.) with which we are dealing was enacted because there was a serious public emergency in housing created by war and its aftermath. It was the intent of the law to prevent exactions of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering.
The rules of the Temporary State Housing Bent Commission were “ designed to maintain a system of rent controls at levels which, in the judgment of the commission, are generally fair and equitable” (State Residential Rent Law, § 4, subd. 4). Provisions were made for individual adjustment of maximum rent where, as here, the property yielded a. net annual return of less than 6% of the valuation of the property. Thus, while the right of a landlord to an unlimited return on his investment was curtailed, he was assured of at least a minimum net return upon due application therefor.
Obviously, it was not intended that the landlord’s 6% net return should be diminished by the amount of the legal fees required to establish what the law allowed. The formula under attack by petitioners apparently was adopted in an attempt equitably to distribute such legal fees between the landlord and *1035 the tenants where recurring applications were made. Thus, the legal expense on a first application under subdivision 5 of section 33 is initially borne solely by the landlord. Only in the unusual situation where subsequent applications in successive years are made and granted are such expenses reflected in the rent.
As of the date of this proceeding, the landlord has not fully recouped his expenditure for legal fees, and the result feared by the petitioners has not materialized and may never materialize. The formula adopted by the Rent Administrator has its obvious shortcomings; it may result in apparent inequities to the landlord in some situations and to the tenant in others. But we must realize that we are not dealing with a problem capable of exact mathematical solution. No practical formula that this court is able to envision (and none has been offered by the petitioners) is calculated to give the landlord at all times the exact minimum return which the law theoretically allows.
This court is satisfied that the Rent Administrator acted within the spirit and intent of the rent law and in furtherance of its stated purpose in a sincere attempt to safeguard the rights of the landlord and tenant alike, and that he has been fair to both. The court cannot find that the determination of the respondent has been arbitrary, capricious, unreasonable or illegal. The petition is, accordingly, dismissed on its merits.
Submit order.