Henry J. Latham, J.
This is an article 78 proceeding brought by the owner of a rent-controlled apartment house, to modify an order of the State Rent Administrator of March 30, 1961.
Petitioner alleges that the Administrator’s order was arbitrary and capricious since (1) it failed to grant an additional 3% to the maximum rent ordered by the Local Rent Administrator on June 1, 1959, pursuant to paragraph d of subdivision 5 of section 33 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission, (2) it permitted the use of an arbitrary formula for computing legal fees permissible as operating expenses in connection with a hardship application under paragraph d of subdivision 5 of section 33 of the State Rent and Eviction Regulations, (3) it arbitrarily refused to allow on each hardship application the legal fees incurred for bringing such application as operating expenses and (4) it arbitrarily refused to allow as operational expenses certain other legal fees.
*862 The Administrator’s order which did not modify the Local Bent Administrator’s order of June 1, 1959, to permit an additional 3% increase to the maximum rent granted thereunder, was not unreasonable since at the time of the Local Bent Administrator’s order, the maximum permissible increase was 15% which was granted. The amendment to section 33 (subd. 5, par. d) which became effective July 1, 1959, permitted and additional 3% to which the petitioner claims he was entitled. However, such amendment became effective after the date of the Local Bent Administrator’s order mentioned above. Under these circumstances it would not be unreasonable for the Administrator to refuse to give the amended statute a retroactive effect. (See, generally, Matter of Alamac Estates v. McGoldrick, 2 N Y 2d 87.)
The legal fees allowed as part of the operating expenses in the test year, in connection with a hardship application for rent increase, are computed by a formula which permits one third of 25% of the rent increase awarded on a prior hardship application. This formula has been approved by the courts. (Matter of Litman v. Weaver, 20 Misc 2d 1032, affd. 10 A D 2d 865; Mara v. Abrams, 142 N. Y. S. 2d 200.) It has a rational basis since it permits a landlord, who obviously needs legal assistance in the complex application for rent increase, the right to claim such fees as expenses, but attempts to distribute such legal fees equitably between the landlord and the tenant, where successive applications are made, since such legal fees are not recurring expenses, but are reflected more or less in permanent rent increases. (Matter of Litman v. Weaver, supra.)
In view of the foregoing reasons, the disallowance of legal fees incurred on current applications as operating expenses for the purpose of computing rent increases to be granted thereunder, must also be considered reasonable. (See Matter of Weiss [Herman], N. Y. L. J., May 22, 1961, p. 15, col. 7.)
The disallowance by the Administrator in the instant case of certain other legal expenses was reasonable since such expenses were either expended in connection with a mortgage, and thus not allowed as an operating expense (Cresco Realty Corp. v. McGoldrick, 118 N. Y. S. 2d 502, 504), or they were presented for the first time on the protest, or were not properly substantiated. (Matter of Howscott Realty Corp. v. McGoldrick, 203 Misc. 411, 413.)
In any event, the petitioner failed to make a timely protest of the order of the Local Bent Administrator of June 1, 1959, and the court should not now consider the objection thereto. *863 (State Rent and Eviction Regulations, § 92, subd. 2; Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26.)
This court finds that the State Rent Administrator’s order of March 30,1961, was not arbitrary and capricious. Accordingly, the petition is in all respects dismissed.