OPINION OF THE COURT
Aaron D. Bernstein, J.
In this CPLR article 78 proceeding, the petitioner moves to serve an amended petition. The court finds that there will be no prejudice to the respondent in allowing the amended petition; therefore, this motion is granted. The respondent has cross-moved to dismiss this petition. The amended petition will be considered on its merits.
Louis Kawary, the petitioner, has initiated this CPLR article 78 proceeding of mandamus to direct the Commissioner of the New York City Department of Housing Preservation and Development to accept his protest of respondent’s order decontrolling his formerly rent-controlled apartment. Kawary resides at 126 Amity Street in Brooklyn. On September 13, *691 1978, a proceeding was begun in the Brooklyn District office to revoke a previously issued order of that office that the apartment was decontrolled and that it is not subject to the New York City Rent Control Law (The Rent and Rehabilitation Law [Local Laws, 1962, No. 20]). The petitioner maintains that he resided in his apartment prior to June 30, 1971 and is therefore subject to the rent control law. On September 25, 1978, the petitioner filed a statement that he resided in his apartment since 1960 in order to revoke the decontrol order. The landlord filed an opposition to the petitioner’s revocation of the order.
On July 30, 1979, the Director of the Brooklyn District Rent office ordered that the petitioner’s apartment was not subject to the rent control law. This decontrol order was mailed and received by the petitioner’s attorney on August 3, 1979. Thirty-three days later, on September 5, the petitioner mailed his administrative protest, and it was postmarked the next day, September 6. Subdivision b of section 92 of the Rent and Eviction Regulations of the Office of Rent Administration provides: "A protest against an order of a District Rent and Rehabilitation Director must be filed with the Administrator within 33 days after the date such order is issued unless paragraph c of this section is applicable. A protest served by mail, postmarked not more than 33 days after the date of such order, shall be in compliance with this paragraph” (emphasis supplied).
The commissioner dismissed the protest on the basis that it was filed late. The issue presented is whether the petitioner’s protest was timely and should be accepted by the respondent.
The Rent and Eviction Regulations were promulgated under the statutory authority of the Administrative Code of the City of New York (§ Y51-8.0, subd a). The code (§ Y51-8.0, subd c) does not require an evidentiary or quasi-judicial hearing (Lamp v Joy, 57 AD2d 547).
The hearing conference in the instant proceeding was proper. The case turns on the timeliness of the protest. The regulation sets the issuance of the order as the beginning of the 33-day period, which in this case is July 30. The order was received by petitioner’s attorney on August 3. There is no evidence of the date of the order’s mailing. The protest was mailed on September 5 and postmarked on September 6. Assuming that the order was mailed on August 2, one day before receipt, the 33-day limitation period would end on *692 September 4. If one were to measure the 33 days from receipt, that is August 3, then the protest would be one day late due to its September 6 postmark.
The court has no authority with which to extend the period to protest (Sharp v Gabel, NYLJ, Oct. 14, 1965, p 18, col 6). The court does not have discretion to lengthen this limitation (Sharp v Gabel, supra; see Matter of 609 Holding Corp. v McGoldrick, 204 Misc 26; Matter of Allen J. Realty Co. v Herman, 31 Misc 2d 861). Other statutes provide for judicial discretion in extending time limitation periods (see, e.g., CPLR 2004; General Municipal Law, § 50-e). A protest is untimely even when it is one day late (Matter of 2525 7th Ave. [Gabel], NYLJ, June 23, 1964, p 11, col 5). The instant protest is untimely from either a date of issuance, date of mailing, or date of receipt standard.
The petition is dismissed for petitioner’s failure to exhaust his administrative remedies.
The respondent’s cross motion to dismiss is granted.