198 N.J. Super. 229 (1985)
486 A.2d 940
DANIEL REID AND MARGARET REID, T/A BROOKSIDE ESTATES, PLAINTIFFS-RESPONDENTS,
v.
TOWNSHIP OF HAZLET AND TOWNSHIP COMMITTEE, DEFENDANTS-APPELLANTS, AND RENT CONTROL BOARD OF THE TOWNSHIP OF HAZLET, DAVID BRITTON AND ALBERT RENK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1984.
Decided January 18, 1985.
*231 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Harold G. Smith, Township Attorney for appellants (Harold G. Smith of counsel, and Richard J. Bindelglass on the brief).
Gross & Hanlon, attorneys for plaintiffs-respondents (Christopher J. Hanlon on the brief).
Eugene J. Melody, attorney for defendant-respondent Rent Control Board of the Township of Hazlet, filed a statement in lieu of brief.
David Britton and Albert Renk, defendants-respondents, have filed no briefs.
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
The issue raised by the appeal in this rent control case requires us to determine the proper standard of review for a municipal governing body when it reviews the decision of the *232 local rent control board. The Rent Control Board of the Township of Hazlet (Board) granted plaintiffs a rent increase. Two of plaintiffs' tenants appealed the rent increase to the Hazlet Township Committee (Committee) pursuant to Section 9-2.12 of the township rent control ordinance. The Committee substantially modified the rent increase. Plaintiffs-landlords then filed a verified complaint in lieu of prerogative writs seeking essentially to have the Board's decision reinstated. The Law Division judge concluded that the standard of review for the Committee is similar to that "which the Court conducts on a prerogative writ application" which means that "neither the Court nor the Township Committee is simply there to substitute its judgment for the body to whom the basic judgment has been given [the Board]." Finding that the Committee simply substituted its judgment for the Board, the judge reinstated the Board's decision after correcting a mathematical error. We hold that the judge applied the incorrect standard of review by the Committee. Hence, we reverse.
Daniel and Margaret Reid own a 90 unit mobile home park which does business as Brookside Estates in the Township of Hazlet. Both reside in the park and maintain it except when they go to Florida in the winter for about two months. On June 23, 1983 plaintiffs filed an application with the Board requesting a rent increase of $13.98 per unit per month. After conducting hearings on the application, the Board granted a rent increase of $12.51 per unit per month, effective September 1, 1983. In the Board's memoralizing written resolution of August 1, 1983, it found, in pertinent part, (1) that plaintiffs' "actual expenditure" in 1983 for "[m]anagement services" was $25,044 and, therefore, the increase in the expense for these services from 1981 was $6,805, and (2) that the $1,200 "[a]uto expense" item for 1982 in plaintiffs' application "should be deleted since it is included in Management Services." On August 18, 1983 David Britton and Albert Renk, two of plaintiffs' tenants, appealed the Board's decision to the Township Committee. The Committee heard the appeal and, as previously *233 noted, reduced the rent increase to $3.87 per month for each mobile unit effective October 1, 1983. The Committee found (1) that plaintiffs' "proposed [m]anagement [s]ervices increase" for 1982 was "excessive on its face amounting to almost 40% over 1981"; (2) that the "allowable increase" for management services "should be $2,002.00 instead of $6,805.00," and (3) that the "item of $1,200.00 for Auto Expense" was "entirely disallowed" because it provided "[n]o benefit to [plaintiffs'] tenants."
Plaintiffs then sought review by the Law Division. They alleged that the actions of the Committee were arbitrary and capricious because the decision was without factual support in the record made before the Board and that the decision was solely for political expediency. The Law Division judge entered judgment (1) setting aside the Committee's resolution of October 4, 1983, and (2) reinstating the Board's resolution of August 1, 1983, "except that paragraph 17 of said resolution of the ... Board shall be amended to provide that the proper increase [in 1982 expenses] for each mobile home shall be in the amount of $11.14 per month, rather than $13.37 per month improperly designated in such paragraph 17," it being "understood that the difference was merely a mathematical error."
Only the Committee has appealed. It contends that the judge below applied the incorrect standard of review of the Committee's determination made pursuant to the Township's rent control ordinance. Section 9-2.12 of the Hazlet Township Rent Control Ordinance provides, in pertinent part:
a. Appeals. Either landlord or tenant may appeal the findings or order of the rent control board to the Township Committee by filing a notice of appeal with the Township Clerk ..., or by way of suit in lieu of prerogative writ in the Superior Court of New Jersey, Law Division.... The appeal, if taken to the township committee, shall be based upon the record of the rent control board below, and no additional testimony shall be taken.
We have previously held that "the determination of a local rent control board and of the governing body which reviews the board's decision should be based upon a transcribed record made before the board." Green Acres of Verona, Inc. v. Bor. of Verona, 146 N.J. Super. 468, 470 (App.Div. 1977). *234 While the instant rent control ordinance and Green Acres establish what will comprise the appellate record, neither establishes the precise standard for review by the governing body. The process of review by the governing body under section 9-2.12 of the Hazlet Rent Leveling Ordinance is analogous to a review of the actions of a board of adjustment by the governing body. See Green Acres of Verona, Inc. v. Bor. of Verona, 146 N.J. Super. at 470. In such a case, "the governing body is to have authority to make a de novo review of the record established before the board and reach its own decision in the matter subject only to the requirement that its findings and conclusions are supported by the record." Evesham Tp. Bd. of Adj. v. Evesham Tp., 86 N.J. 295, 300 (1981). Evesham calls for a plenary scope of review much like that contemplated by R. 3:23-8(a) in appeals from municipal court convictions rather than the narrow, judicially oriented type of review, (i.e., a limited review as to whether the action below was so unreasonable, arbitrary or capricious as to represent an abuse of discretion).
We discern no valid reason to require a different scope of review by a local governing body in rent control appeals than in its review of actions of a local board of adjustment. In both instances, "the governing body, which is directly responsible to the citizenry, should have the right to apply its own expertise and knowledge of the community and make the final evaluation based on the record created below." Evesham, 86 N.J. at 301. Moreover, rent control ordinances are not required by the state or federal constitutions or by statutory or common law. Absent such a requirement, rent control ordinances can lawfully be abolished. Branch Brook Gardens Tenants Asso. v. Belleville Rent Leveling Bd., 177 N.J. Super. 1, 14 (App.Div. 1980). Accord Wayne Tenants Council v. Wayne Tp., 180 N.J. Super. 128, 139 (Law Div. 1981). It stands to reason, therefore, that when the governing body enacted the rent control ordinance, it intended to reserve unto itself a de novo review based on the *235 record rather than a narrow, judicially oriented power of review.
Additionally, the rent control ordinance involved here provides for an appeal from both the findings or the order of the Board to the governing body based solely on the record made before the Board. The right to appeal the findings of the Board would be illusory if the governing body could not make new findings but was limited to determining whether the Board's findings were supported by the record. Consequently, we hold that the scope of review by the governing body is de novo based on the record. This means that the governing body was required to determine the application for a rent increase anew based on the record made before the Board. The governing body was required to give due regard, although not controlling, to the opportunity of the Board to judge the credibility of the witnesses. See State v. Johnson, 42 N.J. 146, 157 (1964).
Applying the broad standard of review which we have established today, we are fully satisfied that the findings and conclusions of the Committee, except for the auto expense allowance, are completely supported by the record made at the hearing before the Board. Mead v. Bor. of Fort Lee, 170 N.J. Super. 167, 171 (App.Div. 1979), certif. den. 82 N.J. 263 (1979). The Committee was free to conclude from the evidence that a 40% increase in management service expenses from 1981 was excessive. Fees for management services are properly allowable only if reasonable. Park Tower Apartments, Inc. v. City of Bayonne, 185 N.J. Super. 211, 224 (Law Div. 1982). The record clearly establishes that plaintiffs failed to establish before the Board why a 40% increase in charges for the same services rendered in 1981 was justifiable. Reid simply stated that he and his wife had worked hard and felt their services were worth the sum indicated. In view of the proofs presented, we are persuaded that the Committee's allowance of only an 11% increase in management expenses over 1981 is reasonable and supported by the record.
*236 We do not, however, find any factual determinations made by the Committee which support its conclusion that $1,200 for auto expenses did not benefit the tenants. On the contrary, Reid testified before the Board on July 18, 1983 that he used his truck and automobile to "take care of the things that are suppose[d] to be done in the park and the maintenance of it." Hence, the Committee must make factual findings, if possible, to support its disallowance of the $1,200 auto expenses.
Accordingly, the judgment of the Law Division is reversed. The matter is remanded to the Law Division to remand to the Committee to make factual findings concerning its disallowance of the $1,200 auto expenses. We do not retain jurisdiction.