■ In the Matter of SEA NEW ROCHELLE ASSOCIATES, by STEPHEN J. LEHRMAN, as Successor in Interest of WEBCRESS PROPERTIES, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, et al., Appellants.

On March 24, 1983, the District Rent Administrator decreased the maximum rent applicable to certain apartments subject to rent control in a multiple dwelling located in the City of New Rochelle and owned by the petitioner. The basis of that action was the Administrator's determination that the landlord had failed to maintain an essential service when it had prohibited parking in an area which had been available to the tenants for that purpose for 17 years (see, New York State Rent and Eviction Regulations [9 NYCRR] §§ 2102.4, 2102.5 [reprinted in McKinney's Uncons Laws of NY]; Local Emergency Housing Rent Control Act, L 1962, ch 21, as amended). The landlord did not file a protest to the determination which became final on the date of issuance (see, New York State Rent and Eviction Regulations § 2100.2 [m]).

Subsequently in 1985, the landlord applied to the Division of Housing and Community Renewal for an increase in the maximum rent. The ground advanced for the application was that "parking service has been restored". However, an inspection revealed a sign indicating that the parking area designated by the landlord was a fire zone in which parking was forbidden by order of the Fire Department of the City of New Rochelle. The petitioner acknowledged that the parking area was a fire zone but alleged that it had always been a fire zone and that parking in violation of a municipal ordinance could not be an essential service.

The District Rent Administrator denied the petitioner's application and, on June 8, 1987, the petitioner's petition for

administrative review was denied on the ground that "fire zone" signs were posted in the parking area.

In this CPLR article 78 proceeding the petitioner argued that the denial of its application was arbitrary, capricious and contrary to law because the parking facility had violated existing fire ordinances in 1983 and therefore at that time, the parking area could not have been an essential service.

The Supreme Court granted the petition to the extent of ordering a hearing on the issues of whether parking was ever an essential service and whether the parking facility was lawful when utilized in the past.

The issue of whether parking was an essential service was decided in 1983. Having failed to file a timely protest in 1983, the petitioner cannot obtain review of the ruling in this proceeding *(see, Matter of Kawary v Joy,* 104 Misc 2d 690, *affd* 84 AD2d 550). Further, the determination that the parking area had not been restored was based upon an inspection of the parking area and the petitioner's admission that the area which he had designated for parking was a fire zone. Accordingly, the determination was not arbitrary, capricious or contrary to law *(see, Matter of Colton v Berman,* 21 NY2d 322), and there are no questions of fact which would require a hearing.

As noted by the District Rent Administrator in his order denying the petitioner's application, insofar as it is now determined that some of the parking area is designated as a fire zone, the petitioner may "either provide a suitable substitute area for parking or apply for permission to remove the service of parking, based on the reason that such decrease is required in accordance with the requirements of law". Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.