618 A.2d 927

PINEWOOD ESTATES OF MICHIGAN, PLAINTIFF,
v. BARNEGAT TOWNSHIP RENT LEVELING
BOARD.

Superior Court of New Jersey
Law Division Ocean County

Decided October 21, 1992.

*Christopher J. Hanlon,* for plaintiff (*Gross & Hanlon,* attorneys).

*Dennis M. Galvin,* for defendant (*Michael A. Pane,* attorney).

ROSALIE B. COOPER, J.S.C.

The issue presented for consideration by this court is whether an appraiser's fees for a report and testimony in support of a landlord's application for a hardship rent increase should be allowed by the Barnegat Township Rent Control Board as reasonable and necessary operating expenses.

Hardship rent increases are governed by Section 64–8A of the Barnegat Township Rent Leveling Ordinance which states:

> A landlord who finds that present rental income and additional charges from the mobile home park on which he seeks relief hereunder are insufficient to cover the cost of payments on a first mortgage and any subsequent mortgages directly used to improve and upgrade the mobile home park and/or payments for maintenance and/or all operating costs, and at the same time ensure the landlord a just and reasonable return, may appeal to the Rent Leveling Board for an increase in rental income. Following a hearing, the Board may grant the landlord a hardship rent increase to meet these needs after considering the proofs presented by the landlord, the condition of the mobile home park and the degree of hardship to the landlord.

Because of the great number of hardship applications involving appraisers' opinions, it is surprising that this issue is one of first impression not only in New Jersey but throughout the country, so far as the exhaustive research of counsel and this court has revealed.

It was the initial impression of this court that appraisers' fees would be an adjunct to or derive through the applicant's attorney's fees since an attorney, in support of an application for a hardship rent increase would, of necessity, be obligated to offer expert testimony to support the landlord's application. After studying this matter, this court has concluded that not only are such fees ancillary to attorney's fees but they also have inde-

pendent standing as reasonable and necessary operating expenses.

The only New Jersey case in which professional fees were considered in a rent control context as operating expenses is *Park Tower Apartments, Inc. v. City of Bayonne*, 185 *N.J.Super.* 211, 447 *A.*2d 1359 (Law Div.1982) where the court stated "[r]easonable legal fees, if actually paid, must similarly be allowed as a proper part of administrative and miscellaneous expenses." *Id.* at 224, 447 *A.*2d 1359. It is significant that there was no indication in the *Park Tower Apartments, Inc.* case that the decision designating legal fees, actually paid by a landlord, as allowable administrative or miscellaneous expenses, included legal fees incurred with regard to the proffering of a hardship application to a rent control board. In fact, in the case at bar, counsel for the applicant/landlord has conceded that *Park Tower Apartments, Inc.* is not a precedent in that regard.

Because there is no guiding precedent with respect to considering appraisal fees as auxiliary to attorney's fees in New Jersey, it is appropriate to consider out-of-state cases.

The out-of-state cases studied by this court consider the justification for allowing attorney's fees as reasonable and necessary operating expenses and afford the rationale for this court's decision in holding that appraisers' fees are allowable as reasonable and necessary operating expenses. The cases considered are: *Allen J. Realty Co. v. Herman*, 31 *Misc.*2d 861, 221 *N.Y.S.*2d 1017 (Sup.Ct.1961); *Litman v. Weaver*, 20 *Misc.*2d 1032, 190 *N.Y.S.*2d 910 (Sup.Ct.1959), *aff'd* 10 *A.D.*2d 865, 201 *N.Y.S.*2d 497 (N.Y.App.Div.1960); and *Mara v. Abrams*, 142 *N.Y.S.*2d 200 (Sup.Ct.1955). Premised on the conclusion that a "landlord requires legal assistance to present an application for increases" in rent applications based on hardship, the consensus of opinion in these cases is that attorney's fees should be awarded as reasonable and necessary operating expenses. See *Allen J. Realty Co., supra*, 31

*Misc.*2d 861, 221 *N.Y.S.*2d at 1019; *Litman v. Weaver, supra,* 20 *Misc.*2d 1032, 190 *N.Y.S.*2d at 913; and *Mara v. Abrams, supra,* 142 *N.Y.S.*2d at 204.

For example, in *Mara v. Abrams, supra,* a tenant appealed from ruling in favor of a landlord regarding a hardship application which increased the tenant's rent. The tenant disputed several of the Board's determinations including the fact that there was an allowance for "[l]egal fees paid to landlord's attorneys for services rendered in the previous [yearly] ... application for [a] rent increase[ ]." *Id.* at 204. In affirming the award the court reasoned that the application considered was so complex that special legal skills were required to adequately prepare and present the landlord's application for the rent increase. This reasoning was found to be particularly applicable in cases involving large properties. It should be noted that there are 321 units presently existing on the property in Pinewood Estates.

Similarly, in the case of *Allen J. Realty Co. v. Herman, supra,* the court held that a landlord in need of legal assistance has the unqualified right to claim attorney's fees as necessary operating expenses. In addition, it has also been determined that it would be inequitable to diminish the constitutionally guaranteed fair and reasonable rate of return on investment by the amount of legal fees necessarily incurred to establish that which is permitted by law. *Litman v. Weaver, supra,* 20 *Misc.*2d 1032, 190 *N.Y.S.*2d at 913.

It should be noted that as to the present appeal, the issue of allowable attorney's fees as operating expenses is not before this court:

> Although the Board questions legal fee expenses resulting from rent increase applications as reasonable and necessary operating expenses, the Board was unable to determine an accurate costs [*sic*] for this expenditure and left it in tact [*sic*].

> *In re* Pinewood Estates Mobile Home Park Rent Increase Hearing Before the Barnegat Twp. Rent Leveling Bd., July 22, 1991, at 27.

However, it is clear that these cases are relevant to a determination of whether appraisers' fees are reasonable and necessary operating expenses. Obviously, an attorney cannot testify as a professional appraiser. It is the opinion of this court that the cost for an expert retained to provide an opinion to assist an attorney in presenting his case to a rent control board, for the purpose of supporting a landlord's application for a hardship rent increase is a reasonable and necessary expense.

In reviewing the Barnegat Ordinance and its legal ramifications, on an appeal from the Board, this court is not bound by the Board's determination on a question of law and may consider the issue before this court *de novo* on the record below. *Terner v. Spyco, Inc.,* 226 *N.J.Super.* 532, 539, 545 *A.*2d 192 (App.Div.1988); *Grancagnola v. Planning Bd.,* 221 *N.J.Super.* 71, 533 *A.*2d 982 (App.Div.1987). With respect to determinations of fact, this court is limited to a consideration of whether the Board's factual determinations were unreasonable, arbitrary and capricious. *Burbridge v. Mine Hill Twp.,* 117 *N.J.* 376, 385, 568 *A.*2d 527 (1990); *Reid v. Township of Hazlet,* 198 *N.J.Super.* 229, 486 *A.*2d 940 (App.Div.1985), *certif. denied,* 101 *N.J.* 262, 501 *A.*2d 931 (1985).

Underlying this court's ruling is the basic premise common to all rent control cases as set forth in the seminal trilogy of cases, *Hutton Park Gardens v. West Orange Town Council,* 68 *N.J.* 543, 350 *A.*2d 1 (1975); *Brunetti v. Borough of New Milford,* 68 *N.J.* 576, 350 *A.*2d 19 (1975); and *Troy Hills Village v. Parsippany–Troy Hills Tp. Council,* 68 *N.J.* 604, 350 *A.*2d 34 (1975), that rent regulations must permit a just and reasonable rate of return on the landlord's investment. It is significant to note that the language in the Barnegat Rent Control Ordinance is almost identical to that of the ordinance reviewed by the New Jersey Supreme Court in *Helmsley v. Boro of Fort Lee,* 78 *N.J.* 200, 394 *A.*2d 65 (1978). Finding the language in the ordinance vague, that Court held that it failed to clearly set forth the criteria and standards to be met to

enable a landlord to reasonably ascertain what was required to be presented to qualify for hardship relief. *Id.* at 231, 394 *A.*2d 65. The lack of criteria and standards in such an ordinance inhibits meritorious hardship applications by landlords who are discouraged from pursuing rent relief due to the unknown cost that could be incurred to satisfy a board. Therefore, ordinances such as the one considered at bar, are deficient by having failed to set forth a particularized basis for an application governing rent control relief to the landlord. This court notes that the Ordinance provides for the adoption of appropriate rules and regulations which may be implemented to adequately clarify the applicable standards for hardship relief. *Township of Barnegat, N.J., Code* § 64–9(B)(1) (1977).

In the absence of specific criteria, it is the obligation of this court to act as the "final arbiter" as to whether a landlord is eligible for an increase to secure the constitutionally guaranteed reasonable and just rate of return. *Troy Hills Village v. Parsippany–Troy Hills Twp. Council, supra,* 68 *N.J.* at 621, 350 *A.*2d 34. This court finds as a matter of law that the direct consequence of the absence of specific criteria in the Barnegat Ordinance imposes a burden upon a landlord, whether or not represented by an attorney, to secure and present expert testimony to the Rent Control Board for the Board's consideration in making an evaluation concerning the validity of the landlord's application. It is reasonable for a landlord to conclude that the failure to make such a presentation would jeopardize the applicant's award for otherwise appropriate relief. See *Parks v. Hazlet Twp. Rent Control Board,* 107 *N.J.* 217, 220, 526 *A.*2d 685 (1987).

In support of the Board's position to disallow the appraisal costs, counsel for defendant has alluded to Chapter 86 of the Jackson Township Code governing rent control for mobile home parks which expressly disallows "[l]egal and accounting expenses resulting solely from application made pursuant to this chapter or resulting solely from legal attacks on this chapter

shall not be considered 'reasonable and necessary operating expenses.' " *Jackson Township, N.J., Code* § 86–1D (1980). This court finds defendant's argument unpersuasive because it must be recognized that the Jackson Rent Control Ordinance has a section which establishes the necessity of the park owner demonstrating that his operating expenses exceeded his gross annual income by a certain percentage for the last calendar year in order to qualify for an increase. See *Jackson Township Code, supra,* § 86–5A.

Because of the specificity of the criteria set forth in the Ordinance, the assistance of an attorney and/or an accountant is not necessary for the presentation by a landlord of an application for a hardship rent increase. Such is not the case in Barnegat where the Jackson Township Ordinance has not been adopted and is therefore not controlling.

The Barnegat Board, by resolution dated July 11, 1991, disallowed the appraiser's fees stating:

[T]he billing of Joseph H. Martin for professional serves [*sic*] rendered for an appraisal of the Pinewood Estates Park. This was not an operating expense. This expenditure can only benefit the landlord and will in no way benefit the tenants. *Pinewood Estates Hearing, supra,* at 25.

Defendant has failed to produce any precedent that mandates that reasonable and necessary expenses must solely inure to the benefit of the tenants.

■ In the case before this court, the appraiser, Mr. Martin, both in his report and in his testimony before the Board on June 26, 1991, presented his expert opinion on valuation for the Board's consideration in calculating a fair and reasonable rate of return. The valuation method utilized by the appraiser is but one of the various methods which has been accepted as appropriate in rent control cases. See *Mayes v. Jackson Twp.,* 103 *N.J.* 362, 387, 511 *A.*2d 589 (1986) *cert. denied,* 479 *U.S.* 1090, 107 *S.Ct.* 1300, 94 *L.Ed.*2d 155 (1987). Without such testimony, rent control boards would be constrained in their ability to fulfill their duties, that is, to fix a fair and reasonable rate of return on investment.

This court concludes that appraisal expenses constitute an appropriate adjunct to legal fees and are clearly reasonable and necessary operating expenses which should be credited in an application for a hardship rent increase.

This court further holds that independent of legal fees, Mr. Martin's appraisal reports and testimony which afford a rational basis for the Rent Control Board's consideration of the hardship application are reasonable and necessary operating expenses.

Counsel for defendant argues that permitting a permanent increase in rent is unjustified because appraisal fees are of limited duration. Recognizing the validity of this argument, this court knows of nothing to prevent the Board from allocating an increase for an appropriate period of time and not as a permanent rental increase as was done in the case of *McArthur v. Abrams*, 141 *N.Y.S.*2d 662, 665 (Sup.Ct.1955). Thus, it is the opinion of this court that this one time cost should be assessed against the tenants for a limited duration and not as a permanent rent increase.

The amount of such fees, however, is subject to a determination by the Barnegat Rent Control Board as to reasonableness. For the purpose of that determination, this matter is remanded for reconsideration to the Barnegat Rent Control Board.