■ In the Matter of JEMROCK REALTY COMPANY, Appellant, v PAUL A. ROLDAN et al., Respondents. [681 NYS2d 279] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered October 29, 1997, which, in this proceeding pursuant to CPLR article 78, dismissed the petition challenging, *inter alia*, the effective dates of the rent restoration ordered by respondent New York Division of Housing and Community Re-

newal (DHCR) with respect to petitioner's premises, unanimously affirmed, without costs.

Although petitioner landlord in the present proceeding purports to challenge only the terms upon which its entitlement to collect full rent from its rent stabilized and rent controlled tenants was restored, petitioner, in relying upon a Department of Buildings inspection conducted prior to the underlying rent reduction order, has in fact mounted an impermissible collateral challenge to the validity of that order, previously litigated by petitioner fully and conclusively, albeit unsuccessfully, in *Matter of Jemrock Realty Co. v Anderson* (228 AD2d 355, *lv denied* 89 NY2d 804) (*see, Matter of Sea New Rochelle Assocs. v Division of Hous. & Community Renewal*, 140 AD2d 610). To the extent that petitioner merely challenges, as arbitrary and capricious, the effective dates of the rent restoration, its challenge is without merit since the effective dates of the subject rent restoration were plainly set in accordance with DHCR's governing regulations. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Mazzarelli, JJ.