■ In the Matter of WEMBLY MANAGEMENT Co., INC., Doing Business as BLDG. MANAGEMENT Co., INC., et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [817 NYS2d 276]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered February 8, 2005, which denied the petition to annul so much of respondent's determination setting the date for restoration of rent at April 1, 2001, and dismissed this proceeding, unanimously affirmed, without costs.

Petitioner landlord prevailed in a rent restoration proceeding, claiming it had restored service some 10 years prior to making this application. Petitioner claimed entitlement to restoration of rent from 1991. Respondent disagreed and directed retroactive restoration of rent only from April 1, 2001, the month after the landlords' complaint for rent restoration was served on the tenants. We find that this complies with respondent's regulations regarding the effective date of rent restoration orders (Div of Hous & Community Renewal, Off of Rent Admin, Policy Statement 90-2; *see Matter of Jemrock Realty Co. v Roldan*, 256 AD2d 122 [1998]), and does not conflict with the statutes or code provisions relating to restoration of rents. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.