NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0273-16T2

TRADEWINDS MARINA, INC.,
a New Jersey Corporation,

 Plaintiff-Appellant,

v.

BOROUGH OF SOUTH TOMS RIVER,
a Municipal Corporation in the
County of Ocean, State of New
Jersey and BOROUGH OF SOUTH
TOMS RIVER PLANNING BOARD, a
Municipal Board organized by
the laws of the State of New
Jersey,

 Defendants-Respondents.
_____________________________________________

 Argued October 11, 2017 – Decided November 28, 2017

 Before Judges Yannotti and Carroll.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Docket No. L-3670-
 14.

 Peter H. Wegener argued the cause for
 appellant (Bathgate, Wegener & Wolf, PC,
 attorneys; Mr. Wegener, on the brief).
 William W. Northgrave argued the cause for
 respondents (McManimom, Scotland & Baumann,
 LLC, attorneys; Mr. Northgrave, on the brief;
 Ted Del Guercio, III, on the brief).

PER CURIAM

 Plaintiff Tradewinds Marina, Inc. filed an action in lieu of

prerogative writs in the Law Division challenging the designation

by the Borough of South Toms River (Borough) of its property as

an area in need of redevelopment, pursuant to the Local

Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -73.

Plaintiff appeals from the trial court's order of August 4, 2016,

which entered final judgment in favor of defendants, the Borough

and its Planning Board. For the reasons that follow, we affirm.

 I.

 Plaintiff is the owner of Block 5, Lot 1 in the Borough,

which is located at the headwaters of the Toms River. The property

consists of 1.3 acres of land, with frontage on Crabbe Road and

Atlantic City Boulevard (Route 166), and it has been improved with

several buildings and structures. Plaintiff acquired the property

in November 1988 from Cedar Cove Marina, Inc. In July 2003,

plaintiff sold an adjoining lot to Lighthouse Point Marina and

Yacht Club, LLC (Lighthouse Point) and gave Lighthouse Point the

right of first refusal to purchase its property.

 2 A-0273-16T2
 Plaintiff operated a marina on the site until October 29,

2012, when the property suffered extensive damage during

Superstorm Sandy. The property had previously suffered from

neglect. Several deteriorating and sunken boats, including an

eighty-two-foot-long ferry, a tugboat, and a large wooden schooner

had been abandoned on the site. Some of those vessels had

discharged oil, gasoline, and other pollutants into the

surrounding waters.

 The New Jersey Department of Environmental Protection (NJDEP)

imposed a civil administrative penalty of $115,000 upon plaintiff,

due to the violation of certain environmental laws. In addition,

dilapidated pier and dock structures on the property had encroached

upon a New Jersey Department of Transportation (NJDOT) right-of-

way, and the NJDOT imposed civil penalties upon plaintiff due to

this encroachment.

 Since the death of her husband in November 2012, Mirta Monica

Miller has been plaintiff's President and sole shareholder. She

has worked with the NJDEP to rehabilitate the property by removing

the abandoned vessels and equipment, debris, and trash from the

site. In November 2014, Ms. Miller executed a consent order with

the NJDEP settling the administrative penalty for the reduced

amount of $17,500.

 3 A-0273-16T2
 In July 2014, the Borough's Council adopted Resolution 2014-

222, which authorized the Planning Board to conduct a preliminary

investigation of Block 5, Lots 1, 2, 3, 4, and 6 (the Study Area)

to determine whether it should be designated as an area in need

of redevelopment pursuant to the LRHL. Redevelopment of the Study

Area is part of a larger redevelopment plan that is intended to

revitalize a corridor, which runs from the Borough of Beachwood

to the Township of Toms River, where it connects to downtown Toms

River and continues to Route 9.

 The Borough retained David G. Roberts, AICP/PP, of Maser

Consulting, PA (Maser) to conduct the investigation, and

designated Riverfront Property Associates, LLC (Riverfront) as the

conditional redeveloper for the Study Area. Donato J. Donofrio,

the registered agent for Riverfront, is the son of Donato Donofrio,

the owner of Lighthouse Point.

 Roberts prepared a report entitled, "Redevelopment Study Area

Determination of Need" (the Redevelopment Study or Report). In the

Report, Roberts noted that as a result of the Borough's post-Sandy

enforcement efforts, derelict boats and debris had been removed

from Block 5, Lot 1, but he stated that the overall neglect of the

buildings and improvements on the property was evident. Roberts

wrote that an in-water boat shed was in danger of collapse, an

equipment shed was full of debris and missing a portion of its

 4 A-0273-16T2
roof, and the roof and mansard of the main building was a public

safety hazard.

 In addition, Roberts noted that bulkheads, finger docks, and

pilings on the property were in a dilapidated or collapsed

condition, which also presented a public safety hazard. Roberts

found that Lot 1 met the criteria under the LRHL for designation

as an area in need of redevelopment. He reached the same conclusion

with regard to Lots 2, 3, 4, and 6.

 In August and September 2014, the Planning Board published a

notice in the Asbury Park Press stating that it would be holding

a public hearing on September 16, 2014, at which the Redevelopment

Study would be considered. The notice stated that if the municipal

Council found that the area at issue is in need of redevelopment,

the Borough would be authorized to acquire the subject property

and could do so by the exercise of the power of eminent domain.

 On September 4, 2014, the Planning Board wrote to plaintiff

and provided notice pursuant to N.J.S.A. 40A:12A-6(b)(3)(d) of the

scheduled public hearing and enclosed a copy of the newspaper

notice, indicating that plaintiff's property was being considered

as a potential area in need of redevelopment under the LRHL.1 On

1
 N.J.S.A. 40A:12A-6(b)(3)(d) provides in part that a copy of the
hearing notice must be sent at least ten days prior to the
scheduled hearing to the last record owner of property within the
proposed redevelopment area.

 5 A-0273-16T2
September 15, 2014, plaintiff's attorney wrote to the Planning

Board and stated that plaintiff "strongly disputed" the

conclusions reached in the Redevelopment Study. He asked for an

adjournment of the scheduled hearing so that plaintiff could retain

engineers, architects, planners, and experts to prepare "a

complete rebuttal" to the Report.

 In the letter, plaintiff's attorney also asserted that the

matter involved a conflict of interest because the Donofrios had

interests in Riverfront, the entity the Borough had designated as

the conditional redeveloper of the subject area, and in Lighthouse

Point, which had a right of first refusal to purchase plaintiff's

property. The Planning Board denied the request for an adjournment.

 On September 16, 2014, the Planning Board conducted the

hearing as scheduled. Plaintiff's attorney appeared and objected

to the Board's consideration of the Report, claiming that plaintiff

did not have sufficient time to assemble experts to address the

findings regarding plaintiff's property. He again raised the

alleged conflict of interest involving the Donofrios.

 The Planning Board's attorney stated that the Borough's

Council had directed the Planning Board to investigate the Study

Area and determine if it meets the criteria under the LRHL for an

area in need of redevelopment. The attorney stated that the Board

was only going to make a recommendation to the Borough's Mayor and

 6 A-0273-16T2
Council, and if the Board elected to proceed with a vote, the

objectors would have another opportunity to present their comments

to the Council before it acted on the Board's recommendation.

 The Planning Board decided to proceed with its consideration

of the Redevelopment Study and heard testimony from Dan Bloch,

AICP/PP, from Maser. Bloch summarized the Report. Plaintiff's

attorney questioned Bloch about some of the findings in the Report,

but Bloch noted that he did not write the Report and he had not

visited the site. The Planning Board voted to accept the findings

in the Report and recommend that the Council designate the Study

Area as an area in need of redevelopment. The Board memorialized

its action in Resolution 2014-05.

 On October 20, 2014, the Council conducted a public hearing

to consider the Board's recommendation and public comments

regarding the Redevelopment Study. Plaintiff's attorney and Ms.

Miller provided comments to the Council. Ms. Miller explained that

the marina on plaintiff's property had closed after Superstorm

Sandy, but she was making "many repairs" to the structures. She

said the environmental cleanup was continuing.

 Ms. Miller further explained that she did not have flood

insurance and she had spoken to persons from the State government

about obtaining funds to make repairs. She told the Council that

she had received bids to fix the bulkhead and dock. She also said

 7 A-0273-16T2
that since her husband died, she was "the only one who can deal

with this."

 The Council voted to accept the Planning Board's

recommendation and designated the Study Area as an area in need

of redevelopment under the LRHL. The Council memorialized its

action in Resolution 2014-262, which also authorized the Borough

to exercise the power of eminent domain to acquire property within

the Study Area.

 II.

 On December 5, 2014, plaintiff filed its complaint in the Law

Division challenging the Council and Planning Board's actions.

Thereafter, Judge Marlene Lynch Ford conducted a trial in the

matter. At the trial, Ms. Miller testified that conditions of the

property had improved and the environmental cleanup was

continuing. She explained her plans to renovate and revitalize the

site.

 Plaintiff's attorney argued that the Planning Board failed

to comply with the LRHL because it did not permit plaintiff to

introduce expert testimony challenging the findings in the

Redevelopment Study and cross-examine the witness who appeared at

the hearing. Plaintiff's attorney also argued that the Planning

Board was not aware it was authorizing the exercise of the power

of eminent domain and that the designation of the property as an

 8 A-0273-16T2
area in need of redevelopment was invalid because it was intended

to serve private interests. In addition, plaintiff's attorney

asserted that the conclusions in the Redevelopment Study should

not have been considered because they are an impermissible net

opinion.

 On August 4, 2016, Judge Ford issued a written opinion in

which she found that the Borough's designation of plaintiff's

property as part of an area in need of redevelopment was supported

by sufficient evidence in the record and consistent with the

criteria in the LRHL. The judge determined that the Borough did

not act improperly by designating Riverfront as the conditional

redeveloper; the conclusions in the Redevelopment Study are not

an impermissible net opinion; and plaintiff had a fair opportunity

to present a full record at the Board and Council proceedings.

Judge Ford memorialized her decision in an order dated August 4,

2016, which entered final judgment for defendants. This appeal

followed.

 On appeal, plaintiff argues: (1) judicial review of the

actions of the Planning Board and Council is warranted as of right;

(2) the procedures followed by the Board and Council denied

plaintiff the opportunity to present a complete record for judicial

review; (3) the Board was not advised regarding the designation

of plaintiff's property as a "condemnation development area" under

 9 A-0273-16T2
N.J.S.A. 40A:12A-6(b)(5)(e); (4) plaintiff was improperly denied

the right to cross-examine the Borough's planning consultant; and

(5) the record lacks substantial evidence to support the Board and

Council's actions because there was no foundation for the admission

of the Redevelopment Study without testimony verifying the facts

or conditions of the property as of the hearing date.

 We are not persuaded by plaintiff's arguments. We affirm the

trial court's order substantially for the reasons stated by Judge

Ford in her thorough and well-reasoned opinion. We add the

following.

 III.

 A decision by a municipal agency designating an area as in

need of redevelopment under the LRHL is "invested with a

presumption of validity." 62-64 Main Street, LLC v. Mayor & Council

of City of Hackensack, 221 N.J. 129, 157 (2015) (quoting Levin v.

Twp. Comm. of Bridgewater, 57 N.J. 506, 537, appeal dismissed, 404

U.S. 803, 92 S. Ct 58, 30 L. Ed. 2d 35 (1971)). "[W]hen reviewing

a decision of a municipal agency, the trial court must recognize

that the Legislature has vested discretion in the municipal agency

to make that decision." R. Neumann & Co. v. City of Hoboken, 437

N.J. Super. 384, 391 (App. Div. 2014) (quoting Charlie Brown of

Chatham, Inc. v. Bd. of Adj. for Chatham Twp., 202 N.J. Super.

312, 321 (App. Div. 1985)). "[B]ecause of their peculiar knowledge

 10 A-0273-16T2
of local conditions," municipal agencies "must be allowed wide

latitude in the exercise of their delegated discretion." Ibid.

 The court "need not determine if [it] would have concurred

in the designation" but need only determine "if [the designation]

is supported by substantial evidence." Ibid. (quoting Forbes v.

Bd. of Tr. of Twp. of S. Orange Vill., 312 N.J. Super. 519, 532

(App. Div.), certif. denied, 156 N.J. 411 (1998)). "So long as the

blight determination is supported by substantial evidence in the

record, a court is bound to affirm that determination." 62-64 Main

Street, supra, 221 N.J. at 157 (citing Gallenthin Realty Dev.,

Inc. v. Borough of Paulsboro, 191 N.J. 344, 372–73 (2007)); see

also N.J.S.A. 40A:12A:6(b)(5).

 Municipal discretion is not, however, unfettered and

"[j]udicial deference does not mean that a court is a rubber

stamp." 62-64 Main Street, supra, 221 N.J. at 157 (citing Levin,

supra, 57 N.J. at 537). "A court may set aside a municipal board

decision if it is shown to be arbitrary, capricious or

unreasonable, not supported in the evidence, or otherwise contrary

to law." Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 378

(citing Reid v. Twp. of Hazlet, 198 N.J. Super. 229, 234 (App.

Div.), certif. denied, 101 N.J. 262 (1985)), cert. denied, 519

U.S. 911, 117 S. Ct. 275, 136 L. Ed. 2d 198 (1996).

 11 A-0273-16T2
 Plaintiff argues that the procedures followed by the Planning

Board and Council did not afford plaintiff the opportunity to

present a complete record for judicial review. We disagree. Here,

the Board and the Council adhered to the requirements of the LRHL

in designating plaintiff's property as part of an area in need of

redevelopment.

 As noted, in July 2014, the Council adopted a resolution

directing the Planning Board to investigate the Survey Area to

determine if it constituted an area in need of redevelopment under

the LRHL. The Board published notice of the public meeting, which

was scheduled to consider the Redevelopment Survey. At that

meeting, Bloch, Roberts's associate, presented the Report to the

Board, and the Board permitted members of the public to comment.

 Plaintiff's attorney began to question Bloch, but Bloch noted

that he did not write the report and he had not visited the

property. The Board's attorney stated that Bloch was not present

to go "back and forth" with plaintiff's counsel regarding the

findings in the Report. The Board's attorney observed that the

proceeding was not a trial. Counsel stated that plaintiff could

rebut the findings in the Report when the Council considered the

Report.

 At the Council's public hearing, Roberts presented the

Redevelopment Study to the Council members. Plaintiff's attorney

 12 A-0273-16T2
provided comments on the Report, Roberts's testimony, and the

Planning Board's recommendation. Ms. Miller also testified and

disputed certain findings in the Report. She described the current

condition of the property and her ongoing renovation and

rehabilitation efforts.

 Judge Ford aptly noted that the LRHL does not require the

Planning Board or the Council to permit cross-examination of

witnesses at the public hearings on whether an area should be

designated as an area in need of redevelopment. The judge also

determined that even if the Council erred by not permitting

plaintiff's attorney to cross-examine Roberts, plaintiff was not

precluded from presenting its own facts and opinions on the record.

 Plaintiff argues, however, that the Council improperly

refused to allow it to present testimony from its architect. At

the hearing, plaintiff's attorney stated that he wanted to have

plaintiff's architect present the Council with "a drawing of some

different things" for its consideration. In her testimony, Ms.

Miller indicated that she had retained the architect and she wanted

to show the Council the potential concept plan he had drawn up.

 An attorney for the Council stated that it was premature to

consider redevelopment plans for the site. He asserted that it was

appropriate for a property owner to speak about the current

condition of the property as it relates to the Redevelopment Study,

 13 A-0273-16T2
but "what will happen on that property is for another day." The

attorney asserted that the issue for the Council at that meeting

was whether the property met the criteria under the LRHL for

designation as an area in need of redevelopment.

 We are convinced that the Council did not abuse its discretion

by refusing to permit plaintiff's architect to testify at the

public meeting. The Council properly limited the testimony to the

presentation of facts relevant to the issue at hand, that is,

whether the property as described in the Redevelopment Study met

the criteria for designation as an area in need of redevelopment

under the LRHL. The record shows that plaintiff's architect

intended to discuss future plans for the property. That testimony

was beyond the scope of the proceeding.

 IV.

 Plaintiff further argues that the Board was not advised

regarding the designation of the property as a "condemnation

redevelopment area" under N.J.S.A. 40A:12A-6(b)(5)(e). Plaintiff

notes that the designation of a "condemnation redevelopment area"

operates as a finding of public purpose, which authorizes a

municipality, or redevelopment entity, to exercise the power of

eminent domain to acquire property in the redevelopment area.

 Plaintiff asserts that comments by members of the Planning

Board at the September 16, 2014 public hearing indicated that they

 14 A-0273-16T2
were not aware they were recommending that the Borough exercise

its condemnation power for the acquisition of properties in the

redevelopment area. However, as the record shows, one Planning

Board member noted that the Board was "not here to take anybody's

property tonight. We are here to just determine if this area is

in need of revitalization."

 As the Board's attorney observed, the Board's determination

is "step one of a very long process." After the Council adopts a

resolution designating the property as a redevelopment area, the

municipal Council must then develop a "redevelopment plan"

pursuant to N.J.S.A. 40A:12A-7. Only after the adoption of a

redevelopment plan may a municipality or designated redevelopment

entity acquire, by the exercise of the power of eminent domain,

any land or building necessary for the project. N.J.S.A. 40A:12A-

8.

 Therefore, the Planning Board recognized that its sole

responsibility in conducting the public hearing on the

Redevelopment Study was to determine whether the subject property

constitutes an area in need of redevelopment under the LRHL and

make a recommendation to the Mayor and Council on that issue. The

LRHL did not require the Board to make any judgment as to the

exercise of the power of eminent domain, and the record does not

 15 A-0273-16T2
support plaintiff's contention that the Board was not properly

advised of its role in the process.

 V.

 Plaintiff also argues that the Planning Board and Council's

actions are not supported by sufficient credible evidence. Again,

we disagree.

 "A redevelopment area may include lands, buildings, or

improvements which themselves are not detrimental to the public

health, safety or welfare, but the inclusion of which is found

necessary, with or without change in their condition, for the

effective redevelopment of the area of which they are a part."

N.J.S.A. 40A:12A-3. Property may be designated an area in need of

redevelopment if the property satisfies any one of eight statutory

criteria. N.J.S.A. 40A:12A-5.

 The Redevelopment Study reviewed each of the lots in the

Survey Area. As noted, the Report concluded that plaintiff's

property met three criteria under N.J.S.A. 40A:12A-5. It included

buildings that are substandard, dilapidated, or obsolescent.

N.J.S.A. 40A:12A-5(a). Furthermore, the use of the bulkhead and

docks had been discontinued and met the criteria under N.J.S.A.

40A:12A-5(b). These structures had been allowed to deteriorate to

the point where they are no longer tenantable. Moreover, the

 16 A-0273-16T2
physical condition of the buildings and improvements is hazardous

and presents a danger to the public safety. N.J.S.A. 40A:12A-5(d).

 Plaintiff argues that the Planning Board erred by relying

upon the Report because Roberts was not present to introduce the

Report and explain its findings. Roberts's presence was not

required for the Board's consideration of the Report. Moreover,

as noted previously, Roberts was present when the Report was

presented to the Council for its consideration.

 Judge Ford also noted that plaintiff had been permitted to

challenge the opinions in the Redevelopment Study and present its

own facts as to the conditions of the property. The judge correctly

found that there was sufficient evidence in the record to support

the Planning Board and the Council's findings that plaintiff's

property was part of an area in need of redevelopment under

N.J.S.A. 40A:12A-5.

 Affirmed.

 17 A-0273-16T2